# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **MILDRED PORTER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10CV00026 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| **ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Terry G. Kilgore, Kilgore Law Office, Gate City, Virginia, for Plaintiff; Rick A. Mountcastle, Assistant United States Attorney, Roanoke, Virginia, for Defendants.*

In this case, I must decide whether a decision by the United States Department of Agriculture disqualifying the plaintiff from participation in certain federal programs and levying a civil fine was supported by substantial evidence. I find that it was. Accordingly, I will affirm the agency's decision under the Administrative Procedure Act.

I

The federal government, through the United States Department of Agriculture ("USDA") administers a complex regulation of the farming industry in our country. As part of the regulatory program, the federal government provides crop insurance

for the growers of burley tobacco. Private insurance companies become participating insurance providers under the program.

This case involves a claim by the USDA that the plaintiff, Mildred Porter, misrepresented ownership of some of her tobacco and made a false claim for insurance in violation of the Federal Crop Insurance Act, 7 U.S.C.A. § 1515(h) (West 2010). Particularly, the USDA alleged that Porter falsely reported that her daughter was growing zero acres of tobacco and later falsely reported that the 2004 yield on her insured tract of land was only 4,738 pounds, or 337 pounds per acre, while the yield on her daughter's smaller, uninsured tract was 6,697 pounds.

A hearing was held before a USDA administrative law judge ("ALJ"), and Porter and several other witnesses testified. Following the hearing, the ALJ found facts sufficient to sustain the allegations and issued an order levying a civil fine of $5,000 on Porter and disqualifying her from certain federal programs for two years. The order was upheld on review before a USDA judicial officer. Porter now seeks to overturn the ALJ's order under the Administrative Procedure Act ("APA"), 5 U.S.C.A. §§ 701-706 (West 2007 & Supp. 2010). The parties have briefed the issues, and the case is ripe for decision.

II

My review of the ALJ's decision is governed by the APA. Accordingly, unless I find that the decision was not supported by substantial evidence or was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," the assignment of liability will stand. 5 U.S.C.A. § 706(2)(A). Substantial evidence consists of such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Blackburn v. Martin*, 982 F.2d 125, 128 (4th Cir. 1992). In this regard, I consider only whether "the agency's decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment [and] [t]he Court is not empowered to substitute its judgment for that of the agency." *Va. Agric. Growers Ass'n v. Donovan*, 774 F.2d 89, 93 (4th Cir. 1985) (internal quotation marks and citation omitted). I may consider only those facts included in the administrative record at the time the ALJ made his decision. *See Fort Sumter Tours, Inc. v. Babbitt*, 66 F.3d 1324, 1335-36 (4th Cir. 1995).

Porter challenges the ALJ's order on the basis that his conclusions were not supported by substantial evidence. Particularly, Porter argues that the evidence is lacking that she engaged in inadequate farming practices, resulting in a low yield. She also argues that the ALJ erred by relying on calculations that assumed that Porter's daughter's land was two acres, when subsequent evidence has shown that the

tract was 4.1 acres.  Lastly, Porter argues that growers with similar or lower yields recovered under their crop insurance policies.  These arguments are without merit.

First, even conclusive evidence that Porter properly cared for her crop would not undermine the USDA's claim of shifting losses.  If the yield of the farm as a whole was only moderate, by shifting the loss to the insured tract Porter was able to collect the price of the burley tobacco produced while also claiming losses under her insurance policy.  It was not necessary for the government to prove that Porter sabotaged or neglected her crop.

Second, whether the tract of land attributed to Porter's daughter was two acres or over four acres was not determinative in the ALJ's decision.  In his decision, the ALJ found that the field attributed to Porter's daughter is over four acres, although Porter had repeatedly reported that the land was two acres.  As noted by the ALJ, if the tract was four acres and the entire tract was planted with burley tobacco, the reported yield would have been 1,674.5 pounds per acre, compared to the 337 pounds per acre reported for Porter's share.  Although 1,674.5 pounds per acre may be consistent with normal burley tobacco output, the discrepancy between the yield on Porter's share and her daughter's share still weighs against Porter.

Moreover, the ALJ's decision did not rely solely on the difference between the yield on Porter's daughter's share compared to the yield from Porter's share.  The

ALJ also found, based on testimony offered at the hearing, that Porter's crop yield was significantly lower than the yields of burley tobacco grown in the same general area by other growers. Porter argues that the ALJ did not consider the yields of particular growers, identified by her, who experienced yields similar to the amount she reported. However, evidence of these similar yields from other growers was not presented at trial, and the calculations relied upon by the ALJ were sufficiently reliable to show that the yield Porter claimed was not normal for her area.

Third, Porter argues that other claims were paid despite the fact that the growers had lower yields than Porter. This argument, for which little evidence was presented, is not adequate to rebut the evidence presented by the government. Evidence used at the hearing and relied upon by the ALJ sampled the yields of the growers whose tobacco was planted closest to Porter's. Furthermore, there may have been conditions to explain low yields from other growers that were absent in Porter's case.

III

For the reasons stated, the ALJ's decision was supported by substantial evidence and will be affirmed. The United States has asserted a counterclaim

pursuant to 31 U.S.C.A. § 3806(b), (d)  (West 2003), seeking judgment against the plaintiff for the unpaid civil fine, which I will grant.

A separate final judgment will be entered herewith.

DATED: January 20, 2011

 /S/ JAMES P. JONES
United States District Judge